## Tax on Foreign Fire Insurance Companies' Premiums.

WAGNER, Dep. Att'y-Gen., March 23, 1928.—We beg to acknowledge receipt of your request of Feb. 21, 1928, for our opinion relative to the proper interpretation and construction of the Act of July 15, 1919, P. L. 964, amending

section 2 of the Act of June 28, 1895, P. L. 408, which supplemented section 24 of the Act of June 1, 1889, P. L. 420, providing for the payment by the State Treasurer to the treasurers of the several cities, townships and boroughs within the Commonwealth of the 2 per centum tax paid upon premiums by foreign fire insurance companies, with particular reference to:

(a) The amount of tax paid upon premiums by foreign fire insurance companies which should be paid to the treasurers of the designated municipalities; and

(b) The proper method of computing the amounts to be paid to such treasurers, respectively.

The 2 per centum tax paid upon premiums by foreign insurance companies is levied under the provisions of the Act of May 6, 1925, P. L. 526, the latest amendment of section 24 of the Act of June 1, 1889, P. L. 420 (referred to above), supplementing the Act of June 7, 1879, P. L. 112. The payment of part of this tax to the treasurers of designated municipalities of the Commonwealth is authorized by the said Act of July 15, 1919, which reads as follows: "On and after the first day of January, one thousand nine hundred and nineteen, and annually thereafter, there shall be paid by the State Treasurer to the treasurers of the several cities, townships and boroughs within the Commonwealth the entire net amount received from the two per centum tax paid upon premiums by foreign fire insurance companies. The amount to be paid to each of the treasurers of the several cities, townships and boroughs shall be based upon the return of said two per centum tax upon premiums received from foreign fire insurance companies doing business within the said cities, townships and boroughs, as shown by the Insurance Commissioner's report. Warrants for the above purposes shall be drawn by the Auditor General payable to the treasurers of the several cities, townships and boroughs, in accordance with this act, whenever there are sufficient funds in the State Treasury to pay the same."

By virtue of the provisions of section 212 of the Insurance Department Act of 1921 (Act of May 17, 1921, P. L. 789, known as the Retaliatory Section, a foreign insurance company authorized to do business in this Commonwealth pays a tax in excess of 2 per centum on the premiums collected by it in this Commonwealth, if, under the laws of the state in which such foreign insurance company is incorporated, a tax in excess of 2 per centum is levied upon the premiums collected by a Pennsylvania insurance corporation in that state, the basis of taxation applied by this Commonwealth to the foreign corporation being the same as that applied by the foreign state to the Pennsylvania corporation.

It is our opinion that the legislature intended by the above Act of July 15, 1919, to provide for the payment to the treasurers of the designated municipalities such amount, not in excess of 2 per centum, as should be received as a tax upon premiums from foreign fire insurance companies. Any additional tax received, due to the operation of the Retaliatory Section referred to above, is not a 2 per centum tax or any part thereof, and is, therefore, to be paid into the State Treasury as part of the general fund.

The said Act of 1919 does not prescribe a detailed method for computing the amounts to be paid to the various treasurers respectively. It is required that the amount to be paid shall be based upon the premiums received from foreign fire insurance companies doing business within the various cities, townships and boroughs. It is our opinion that it was the intention of the legislature that the treasurer of a particular municipality should be paid an amount equivalent to 2 per centum of the premiums collected by foreign

insurance companies on account of business done within the limits of such municipality. The amount of such premiums will, of course, be the aggregate of such premiums reported by the various foreign fire insurance companies doing business within the limits of any particular municipality.

In this connection, reference is made to an informal opinion of Special Deputy Attorney-General Schnader to Honorable Charles Johnson, Deputy Auditor General, under date of Oct. 7, 1926, outlining the duties of the Insurance Commissioner and the Auditor General in connection with the payment of the amounts due to the respective treasurers, from which is quoted the following:

"While the Act of 1919 does not require the Insurance Commissioner to present requisitions to the Auditor General for payments to the several cities, boroughs and townships thereunder, there can be no objection to the continuance of the practice which has hitherto prevailed. We understand that, under the existing practice of the fiscal departments of the Commonwealth, a requisition is drawn for every payment to be made out of the State Treasury. This is a practice which is highly desirable, and it is entirely appropriate that the requisitions for payments to be made under the Act of 1919 should be presented to the Auditor General by the Insurance Commissioner, although, as previously stated, the preparation and presentation of these requisitions is not obligatory upon the Insurance Commissioner.

"If the Insurance Commissioner presents requisitions for payments to be made under the Act of 1919, such requisitions should be sufficiently definite to enable the Auditor General to prepare and forward warrants to the treasurers of the several cities, boroughs and townships entitled to payments. The warrants, in order to reach their respective destinations, must be sent to the treasurers of the several cities, boroughs and townships by mail. That being so, the requisitions forwarded to the Auditor General should specify the names and addresses of the treasurers of the several cities, boroughs and townships to which payments are due.

"If the Insurance Commissioner does not present to the Auditor General requisitions for the payments to be made under the Act of 1919, it is our opinion that it is the duty of the Auditor General to procure the names and addresses of the treasurers of the respective cities, boroughs and townships to which payments are to be made, and to prepare the warrants upon the State Treasurer, such warrants to be made payable to the treasurers of the several cities, boroughs and townships by name, giving their respective addresses.

"To summarize, it is our opinion that it is the duty of the Insurance Commissioner to forward to the Auditor General a report showing collections of tax from foreign insurance companies doing business within the several cities, boroughs and townships; that if the Insurance Commissioner presents to the Auditor General requisitions for the payments to be made to the treasurers of cities, boroughs and townships, such requisitions should give the names and addresses of the respective treasurers to whom payments are due; and that if the Insurance Commissioner does not present requisitions to the Auditor General calling for the payments to be made under the Act of 1919, it is the Auditor General's duty to ascertain the names and addresses of the treasurers of the respective cities, boroughs and townships to which payments are due and to prepare and forward to the State Treasurer warrants for such payments."

It is, therefore, our opinion that, under the provisions of the said Act of July 15, 1919, the total amount to be paid to the treasurers of the designated

municipalities is limited to 2 per centum of the premiums received by foreign fire insurance companies within this Commonwealth, paid as a tax levied in accordance with the provisions of said Act of May 6, 1925, and that the amount to be paid to the treasurer of any particular municipality is limited to 2 per centum of the premiums received by such foreign fire insurance companies on account of the business done within such municipality.

From C. P. Addams, Harrisburg, Pa.